UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| DAVID HEATON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:15-cv-007430 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, DAVID HEATON ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC complaining of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA") for Defendant's unlawful collection practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA, TCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 48 year old natural person, residing at 12016 S. Kildare Avenue, Alsip, Illinois, which lies in the Northern District of Illinois.

5. Plaintiff is a "consumer" as defined by §1692a(3).

6. Defendant is a third party debt buyer and collection agency with its headquarters located at 120 Corporate Boulevard, Norfolk, Virginia.[1] Defendant is in the business of purchasing and collecting delinquent consumer debts of others, including a debt allegedly owed by Plaintiff.

7. Defendant is licensed with the Illinois Secretary of State under file number 02501457 and is in the business of buying and collecting consumer debts in multiple states, including Illinois.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of The Association of Credit and Collection Professionals since 1997.[2]

## FACTS SUPPORTING CAUSES OF ACTION

10. Well over 10 years ago, Plaintiff took out a personal loan with Washington Mutual ("subject consumer debt") to fund the purchase of a swimming pool, which he ultimately defaulted on.

11. Upon information and belief, Defendant purchased the collection rights to the subject consumer debt after the Plaintiff was in default.

---

[1] http://www.portfoliorecovery.com/index.html
[2] http://www.acainternational.org/memberdirectory.aspx

12. Throughout 2015, Plaintiff has received multiple collection calls from Defendant attempting to collect on the subject consumer debt. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

13. All the collection calls made by Defendant have been placed to Plaintiff's cellular phone. Plaintiff never gave consent to Defendant to call his cellular phone. *See* Exhibit A.

14. One of the number that Defendant uses to call Plaintiff is (731) 256-6897. *See* attached Exhibit B is a true and correct copy of a screenshot taken of Plaintiff's cellular telephone.

15. Upon answering Defendant's collection calls, Plaintiff is often greeted with a pre-recorded message that instructs him to press one in order to speak to a live operator. *Id.*

16. Plaintiff has repeatedly instructed Defendant to stop calling him regarding the subject consumer debt.

17. On a call during July 2015, Plaintiff was told by Defendant that if he did not pay the subject consumer debt then his wages would be garnished. *Id.*

18. Upon information and belief, neither Defendant nor any other party has initiated litigation against Plaintiff regarding the subject consumer debt.

19. Plaintiff is not the only party who Defendant has contacted regarding the subject consumer debt.

20. Plaintiff is employed by GH Maintenance which is a company owned and operated by Gary Hawkins ("Hawkins").

21. Hawkins has advised Plaintiff that he has been contacted at least twice by Defendant regarding the subject consumer debt. *Id.*

22. During these calls, Defendant has informed Hawkins that Plaintiff owes the subject consumer debt and has disclosed other personal information. *Id.*

23. Frustrated by his employer being contacted and the growing number of calls, Plaintiff spoke with the undersigned about having Defendant's collection activity cease.

24. Defendant's collection actions have caused Plaintiff to grow increasingly anxious over his financial situation.

25. Plaintiff's employment has been compromised by Defendant's collection actions.

26. Plaintiff has incurred costs and expenses consulting with his attorneys as a direct result of Defendant's collection actions.

27. Plaintiff has been harmed and harassed by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Generally, the FDCPA prohibits the use of, "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

30. Additionally, the FDCPA limits who a debt collector can communicate with.

> "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and only if expressly requested, identify his employer; (2) Not state that such consumer owes any debt; not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information…" 15 U.S.C. §§1692b(1) - (3).

31. Defendant violated 15 U.S.C. §§1692b(1), b(2), b(3), c(b), d, e, e(2), e(4), e(5), f, and f(1) through its debt collection actions.

4

32. Defendant violated 15 U.S.C. §§1692b(1), b(2), b(3), c(b), d, and f when it contacted Hawkins regarding the subject consumer debt. Because Hawkins is third party, Defendant is extremely limited in the disclosures that it can make to him about Plaintiff. Defendant notified Hawkins that Plaintiff owed a debt. Additionally, Defendant did not limit its conversation with Hawkins to gathering location information for Plaintiff. Finally, Defendant contacted Hawkins on more than one occasion.

33. As an experienced and sophisticated debt collector, Defendant knows that consumers are very sensitive to information being given out about them to third parties, especially employers. By illegally contacting Plaintiff's employer, Defendant intended to pray on this sensitive relationship in order to procure payment on the subject consumer debt. Defendant's actions were unfair and aimed to harass Plaintiff into submission.

34. Defendant's actions have caused a strain between Plaintiff and Hawkins. Because of Defendant's actions, Plaintiff's employer knows that he has outstanding debt. Using the above described tactics during debt collection is the exact type of conduct that the FDCPA aims to protect against.

35. Further, Defendant violated 15 U.S.C. §§1692d, e, e(2), e(4), e(5), f, and, f(1) through its debt collection action when it told Plaintiff that he would be garnished if he did not pay the subject consumer debt. In order for Plaintiff to be garnished, Defendant would have had to file a lawsuit and obtain a judgment. Neither Defendant nor any other party has obtained a judgment against Plaintiff regarding the subject consumer debt. As such, Defendant did not have the legal ability to garnish Plaintiff.

36. As an experienced and sophisticated debt collector, Defendant knew that its false threats of garnishment were not legally possible. Additionally, because of the age of the subject consumer

debt, Defendant knew that it lost the legally ability to ever bring a lawsuit against Plaintiff. Despite this knowledge, Defendant threatened garnishment against Plaintiff in order to procure payment on the subject consumer debt. Using the above described tactics during debt collection is the exact type of conduct that the FDCPA aims to protect against.

37. As plead in paragraphs 24 through 27, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, DAVID HEATON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II --VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The TCPA prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS"), 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

40. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff had no contractual relationship with Defendant, therefore he could not have given consent to auto dial his phone. Any consent that Plaintiff *may* (emphasis added) have given to any party was revoked by his repeated instruction to Defendant to cease contacting him.

41. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, DAVID HEATON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Award Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III --VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempts to collect on the subject consumer debt.

44. The ICFA states:

7

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

45. Plaintiff is a consumer as defined by ICFA, 815 ILCS 505/1(e).

46. Defendant's attempts to collect on the subject consumer debt are part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

47. Defendant's threats of garnishment towards Plaintiff, despite its inability to legally do so, represents the use of deception, fraud and false pretense in an attempt to collect a debt.

48. Defendant had actual knowledge that the statute of limitations had passed on the ability to sue on the subject consumer debt. Despite this understanding, Defendant deceptively stated that it could garnish Plaintiff.

49. Defendant intended that Plaintiff rely on its misrepresentations in order to procure payment of the subject consumer debt.

50. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

51. The ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

52. As pled in paragraphs 24 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

53. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, DAVID HEATON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 25, 2015

Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq., #630210
David S. Klain, Esq., #66305
Counsel for Plaintiff
Licensed in the Northern District of Illinois
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)